HELEN CAMPBELL, PLAINTIFF, AND WILLIAM HARRIS, PLAINTIFF-RESPONDENT, v. STEPHEN KUKOWIEC AND JULIA KUKOWIEC, DEFENDANTS-APPELLANTS.

Superior Court of New Jersey
Appellate Division

Argued March 22, 1965—Decided April 13, 1965.

Before Judges GOLDMANN, SULLIVAN and LABRECQUE.

*Mr. Edward C. Hillis* argued the cause for defendants-appellants (*Messrs. Marley, Winkelried & Hillis,* attorneys; *Mr. John S. Bender* on the brief).

*Mr. Hymen B. Mintz* argued the cause for plaintiff-respondent.

The opinion of the court was delivered by

SULLIVAN, J. A. D. Defendants appeal from an order of the trial court denying defendants' motion for contribution under the Joint Tortfeasors Contribution Law, *N. J. S.* 2A:53A–1 *et seq.*

Plaintiff Helen Campbell was a passenger on a motorcycle owned and being operated by plaintiff William Harris when it collided with an automobile owned by defendants and being operated by defendant Stephen Kukowiec. Both Campbell and Harris were severely injured as a result of the accident

and filed the instant suit against defendants for their injuries and damages.

Defendants' answer denied responsibility for the accident, and asserted that it was caused by the sole negligence of Harris. The answer also set forth a claim for contribution against Harris as a joint tortfeasor in the event Helen Campbell recovered a judgment against defendants.

In the pretrial order, in paragraph 3, defendants again asserted their claim for contribution against Harris with respect to any judgment that Helen Campbell might recover. Paragraph 7 of said order includes contribution as one of the issues to be determined at the trial.

The matter was tried before a jury which returned a verdict of $30,000 in favor of Helen Campbell on her claims against defendants, and a verdict in favor of defendants on the Harris claim.

The jury made no special findings as to negligence, nor was defendants' claim for contribution submitted to it for resolution. Indeed, as far as the record discloses, the claim was left in abeyance without any agreement or provision having been made as to how or in what manner it was to be resolved.

Thereafter the sum of $25,000 was paid on account of the Campbell judgment against defendants. (We assume this was the full amount of policy coverage.) Defendants then moved for an order for contribution from Harris for the excess paid by defendants over one-half the amount of the judgment, namely, $10,000. (The judgment was $30,000; defendants paid $25,000 or $10,000 more than one-half of the judgment.)

The trial court denied defendants' motion, holding that since the jury had not made a specific finding on defendants' claim for contribution, defendants would now have to file a separate suit against Harris to establish a right to contribution.

Preliminarily, we note that there appears to be uncertainty among trial judges as to how the issue of contribution should be handled. Where a "Claim for Contribution" is as-

serted by a defendant in a tort action against any party to the action (see *R. R.* 4:13–6(b)) such claim may be submitted to the jury or fact finder for determination. Alternatively, by agreement between counsel, it may be withheld from the jury and decided by the court on the basis of the jury verdict. See *Mijon v. Acquaire,* 51 *N. J. Super.* 426, 434 (*App. Div.*), certif. denied 28 *N. J.* 146 (1958). Either at the pretrial, or at the commencement of trial, the procedure for handling the claim should be established.

Does the failure to have established a procedure for determining the claim in the instant case require that defendants must now bring a separate action? We think not. The jury verdict herein in favor of plaintiff Campbell and against defendants was necessarily based on a finding that the accident was a result of defendants' negligence. However, its verdict in favor of defendants on the Harris claim could only mean that it also found that the negligence of Harris was a contributing cause; *i. e.,* the accident was the result of their joint negligence.

Harris argues that there was no determination as to common liability but we conclude that in fact the jury verdict so determined. Also, Harris contends that he might have personal defenses to any claim of common liability (*e. g.,* settlement). However, no such defenses were pleaded or asserted at pretrial or trial; and on this appeal, when counsel was asked to state what personal defense Harris had, he was unable to state that there were any.

Under the circumstances, we conclude that, despite the lack of a proper procedure, the jury did determine that the accident was the result of the joint negligence of defendants and Harris. Its verdict, therefore, did resolve the claim for contribution. Defendants' motion should have been granted.

The matter is remanded to the trial court for entry of an order for contribution.